C. E. CLINE et al.

v.

THE PEOPLE ex rel. Ames A. Barlow, County Treasurer.

*Opinion filed December 22, 1906.*

SPECIAL ASSESSMENTS—*when fact that a city had not acquired land for construction of sewer is not shown.* Upon application for judgment of sale for a sewer assessment an objection that the city had not acquired the land for the construction of the sewer when the assessment was made is not sustained by a plan and profile contained in the record of the confirmation proceedings showing the course to be across property designated in the plan and profile as a certain subdivision, there being nothing therein to show the city had not acquired the land.

APPEAL from the County Court of Knox county; the Hon. J. D. WELSH, Judge, presiding.

ROY M. MARSH, and JOHN H. LEWIS, for appellants.

A. J. BOUTELLE, State's Attorney, and W. H. SULLIVAN, Jr., City Attorney, (COOKE & STEVENS, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

The county collector of Knox county, in the name of the People of the State of Illinois, applied to the county court of said county, at the June term, 1906, for judgment and order of sale against certain lots and tracts of land owned by appellants to satisfy the first installment of a special assessment which was by him claimed to be delinquent. This special assessment had theretofore been levied against said property under an ordinance of the city of Galesburg providing for the construction of a sewer along a certain course, to be paid for by special assessment against the property benefited. An assessment roll had been made and returned

into court, judgment of confirmation had been rendered, and the amount due upon the first installment of the assessment against appellants' property had been returned to the county collector as delinquent.

Appellants appeared and filed objections to the application of the county collector for judgment and order of sale, all of which objections were overruled by the court, and judgment, as applied for by the collector, was rendered against appellants' property. Thereupon an appeal was prosecuted to this court. The only ground urged for reversal is, that the city, at the time the special assessment was levied, had not acquired the land necessary to make the improvement, nor had proceedings to acquire such land been begun and prosecuted to judgment.

In order to sustain their contention that the city had not acquired the land necessary to make the improvement, appellants introduced in evidence the record of the confirmation proceedings. From that record it appears that there was attached to and made a part of the ordinance providing for the improvement, a plan and profile of the proposed improvement showing the course of the proposed improvement over and across certain property designated on the plan and profile as "B. F. Arnold's subdivision," and containing figures presumably intended to designate the numbers of the several lots in the subdivision and their respective dimensions. Counsel for appellants, in their brief and argument in this court, rely entirely upon this plan and profile to sustain their contention that the ordinance provides for the construction of the sewer over property owned by private individuals. Nothing, however, in fact appears from this plan and profile to show that the land in the subdivision over which the proposed sewer will extend is private property, or that such land had not been acquired by the municipality before the special assessment was levied.

Waiving all question as to the right of appellants to urge the objection here made in this collateral proceeding, the

judgment of the county court was right, as appellants failed to establish the existence of the facts relied upon by them to defeat the application of the county collector for judgment and order of sale.

The judgment of the county court will be affirmed.

*Judgment affirmed.*